May it please the court, Adena Rosenbaum on behalf of Appellant Gilberto Franco. This is the second time this case has been before this court, based on defendant- Since the first time. Campbell Ewald, for instance? Yes. Well, the procedural posture of this case is different than the first time. The first time this case was dismissed based on mootness, and this court vacated and said that the rejected rules of state offer did not moot the case and remanded. And this time, on the same day that the district- that this court issued that first opinion, Allied Interstate moved to have judgment entered on Mr. Franco's individual claim based on that rejected Rule 68 offer. And the district court granted that motion, entered judgment under Rule 68, and dismissed the case. And there are two cases that have been decided since that district court decision that do not make clear that that judgment was entered in error and should not have been entered. The Supreme Court's decision in Campbell Ewald Company v. Gomez, and this court's decision in Rather-Geismann v. Zokdok. An unaccepted Rule 68 offer is a nullity, right? Yes. That's- The object wasn't formed. Therefore, you can't do anything about it or to it. Yes. The Supreme Court said- An unaccepted Rule 68 offer is a legal nullity with no continuing effect. And then this court also said that in Geismann. And in Geismann, the defendant there tried to distinguish Campbell Ewald on the basis that judgment had been entered the way it was here, and this court rejected that argument and said that the judgment never should have been entered in the first place. Likewise here, the district court should not have entered judgment on the basis of that rejected Rule 68 offer. And that judgment should be vacated and along with the termination of the case. The Kellys here argue, however, that after the first decision or after the second decision, the decision on mootness of the class action prevails. It wasn't lifted. It wasn't changed. Can you tell me what's right or wrong with that argument? That argument has no support in the history or record of this case. The district court did deny class certification in its original judgment in April of 2014. Mr. Franco then appealed that judgment. The notice of appeal made clear he was appealing the entire judgment, including the denial of class certification. He argued that denial of class certification was wrong in his appellate brief. And this court then vacated that judgment in its entirety, including the denial of class certification. As so the defendant's argument really boils down to the position that the denial of class certification remained in place even after this court vacated it, which is unsupportable. And further demonstrating that the class claims remained in this case, both parties on remand treated the class claims as still at play. Mr. Franco argued to the court below that they, that it should consider his motion for class certification before considering the motion for entry of judgment. And allied interstate for its part argued that the court should consider the motion to enter judgment before considering, before adjudicating class certification. And submitted a proposed order that would have dismissed all remaining putative class claims, making clear that it recognized that those class claims were still at issue. Can I just go back to what Judge Buller was asking about Campbell Ewald? There's this famous exception, right, that if you deposit the amount, the full amount with the court and then enter judgment, it may be a different story. Here the judgment was entered and then the full amount was deposited after. Why should that make a difference on whether it's moot or not? Well this court stated that it made a difference in Geisman. It held that the deposit was made because it was made in support of and in furtherance of a judgment that never should have been entered in the first place. That it did not moot the case. And the exact same is true here. But even if it had happened in the other order, Campbell Ewald did not say that a deposit moots a case. In fact, the fact that it recognized that a court could enter judgment after a deposit shows that it did not think a deposit mooted a case. And as the Seventh Circuit explained recently in Fulton Dental versus Bisco, a deposit does not. It sounds like there's an exception in Campbell Ewald, right? Are you saying it didn't make an exception? They specifically say they were not addressing that issue because it was still a hypothetical. They did not state that the outcome would be different. And this court pointed that out in a footnote in Geisman. They raised the possibility that it would be different, but they don't address it there. It's not, as you're suggesting, that they imply that it will make no difference. They leave the question open. They leave the question open, but looking at that question then, a deposit does not on its own render a case moot. The only way that a party can get the deposited funds is if the court orders relief, which shows. The issue on the hypothetical is whether when they come, they deposit the full amount of the judgment sought by the individual plaintiff. Can the court then enter the judgment and move the case? The Supreme Court did not address whether the court could then enter judgment. And particularly, it did not state whether a court should do that when the case was brought as a class action. To the contrary, the Supreme Court instructed that a would-be class representative with a live claim of its own must be accorded a fair opportunity to show that class verification is warranted. And that suggests, in your view, that that fair opportunity has to be afforded before a decision on a decision on the judgment is granted, right? Yes. The court should consider class verification before going ahead and ruling on the merits of the case. This Court has recognized that a court should not enter judgment based on an agreement by the defendant to have judgment entered unless the defendant agrees to complete relief. And in the context of a class action, a judgment that only provides relief to the named plaintiff is not complete relief. It's not all the relief sought in the case. Didn't our court in Geisman v. Zotko deal with this hypothetical and say if there was no contract, nothing can proceed from it? Isn't that what they said? Well, what it's — it did say that if the rule 68 offer is rejected, that the offer is null and void and judgment should not be based on that offer. And then specifically addressing the hypothetical, it made clear that when there's a judgment followed by deposit, as in this case, that that does not present the hypothetical, does not moot the case. And it also specifically noted that trying to implement the hypothetical — that the to use it as a means of mooting the case might not work. Now, are you referring to the statement in footnote 8? Yes. Now, what's your view on whether that's holding or dictum in the case? I don't think — It doesn't add to me how it was necessary to the decision. I fully understand the reasoning that you're urging us to adopt, but I'm wondering whether you're telling us that we are compelled by Geisman to reach that conclusion. I think this Court is compelled by Geisman to hold that under the facts here, where there was a judgment entered in error and then a deposit after that, that that does not moot the case. Well, what I'm asking is, presumably what you want is for us to vacate this judgment. Yes. But you also don't want it to go back down and have them say, okay, we got the order wrong, and so let us deposit the judgment and then sign it. You want us basically to say that that can't be done until a ruling is made on the class certification, right? Yes. And you're saying that would be something this panel would decide in the first instance or something that we would decide by simply following the Geisman footnote, the Campbell Ewald decision? I just want to make sure I understand where you're finding the authority for us to so rule. I think it's suggested in the Geisman footnote. I think it's more concretely in Campbell Ewald's directions that a court should not and that a court must provide a — Because there's no fair opportunity, in your view. Exactly. And I think it can also be found both in Rule 23, which directs that a — that class certification should be decided at an early, practicable time, and it envisions that class certification will be considered and decided before the court resolves the plaintiff's claim in its favor and without considering class certification. And I think it also can be found in this Court's cases explaining that judgment should not be entered based on a defendant's agreement to enter judgment unless that judgment would provide complete relief. Here, the judgment did not provide complete relief because it did not provide any claims. And for that reason, we think that it should be vacated and that this case should be remanded with directions for the district court to consider class certification. Thank you. We have some time for rebuttal. Good morning, Your Honors. Casey Laffey from Reed Smith for Appellee, Allied Interstate. Your Honors, District Court Judge Forrest followed the proper procedure adopted by this Court in not only its prior decision in this case, but its prior decisions previously dealing with entry of judgment. In the first— I deal with the decision in Campbell-Ewald and our decisions following that. And you've heard your adversary as to how she thinks that was not done in this case, that even though the district court may have followed our prior precedent, Campbell-Ewald and the decisions that follow it create a new universe. I agree with you. So I'm going to discuss why the decision is consistent with your prior decisions and why those cases are not in any way inconsistent with what she did. In the first appeal, that was based on our motion to dismiss for lack of subject matter jurisdiction. She dismissed for lack of subject matter jurisdiction. In your last decision, you noted that was improper because her outcome did not result in the entry of any judgment against the defendant. The entry of judgment was always the hallmark for what adjudicated a claim in this circuit, and you cite it to the Tenassi decision from this Court. Upon remand, Justice Forrest did just that. We had made a new motion, not a Rule 68, lack of subject matter motion, but we said we submit— Has that been overtaken by Campbell-Ewald and Geisman v. Sokdak? I don't believe it is, and I think it's that— It could not be. Well, if you look— Specifically. If you look— What would a Rule 68 offer? Sure. If you look at what we did below, we made a motion for entry of judgment. It wasn't based simply on a Rule 68 unaccepted offer. We didn't even move under Rule 68. The motion made clear we submit to give not only complete relief, but even more to the plaintiff. This Court, in the Hepler decision, Judge Pooler, you were part of that panel. There you said just as a defendant may end a litigation by allowing default judgment, a defendant— It's the year of that case. I'm sorry? It's the year of that case. That was in June 2015, and you said a defendant can end a litigation by offering a judgment for the full relief sought. It's that entry of judgment that moots the case. Then even post-Campbell— In Geisman. So in Geisman, there's— I know it's in Geisman. Yep. Tell me how it's different.  There's three different reasons this is different from Geisman. In Geisman, there was a genuine live dispute over whether the plaintiff had gotten full and complete relief. There, it was a TCPA case. The plaintiff was seeking injunctive relief and other relief, and there was a live debate as to whether the plaintiff had, in fact, gotten full relief. Also in Geisman, there the defendant, like we did the first time that was found improper, moved to dismiss for lack of subject matter jurisdiction, as opposed to moving under other rules to submit to entry of judgment. Also there, the Court noted there was still a pending motion for class certification, which is not the case here when Judge Forrest had already denied class certification finding this plaintiff, who had— The trial didn't survive the remand. The judgment was vacated, but Judge Forrest had alternately held that if someone receives funds, they're not an adequate representative of the class. They're differently situated. That— The dismissal of the rule of the class certification, you're saying that survived our vacating of that judgment? Your decision was focused on the dismissal for lack of subject matter jurisdiction. She had an independent finding that Franco, who had received full and complete relief, was differently situated from the rest of the class, and that warrant denial of subject—of certification. That specific issue was not reached by this Court. It was. What we said in our first remand, and I admit it could be clearer, was that we need not address whether, had his claims been moved, the class action would have also been moved. So we didn't specifically say that we're vacating the decision on the class claims, but this is just a matter of common sense reading of our order. As I understand it, you were focusing on the mootness issue as opposed to the adequacy of the class rep, which is the reason she denied class cert. But even if you find that that was the same as in Geisman, the other two distinguishing factors are here. What I think this case is exactly like is your decision in Lease, and Judge Raggi-Androni, you were on that panel, and there the Court found—and this is post—I'm sorry, that is in February 2017, and that was post-Campbell. And this Court specifically—the appellants there made the same arguments that the appellants are making before this Court, and this Court held their arguments are defeated by precedent while an unaccepted Rule 68 offer for complete relief does not moot a case. Such an offer, if rejected, may nonetheless permit a court to enter a judgment in plaintiff's favor. And this Court addressed whether Campbell changes the outcome. And this Court held the Court in Campbell expressly stated its holding did not extend to cases where a defendant deposits the full amount of the plaintiff's individual claims in an account payable to the plaintiff, and the Court enters judgments. I don't think there should be any difference between whether we did the deposit before the judgment was entered. The fact is, this meets the carve-out from Campbell. We submitted to— But our precedent suggests that it's not. Now, this may be formalistic, but to the extent that the judgment was entered before full payment was entered, there may be an error here. And the question is whether it can go back and you can then, well, put the money down first and then get the judgment and be in the exact same position, or whether something in Campbell-Ewell says that if it goes back with a vacated judgment, the plaintiff has a live claim at that point, it hasn't been dismissed yet, and that Campbell-Ewell says it must be accorded a fair opportunity to show that certification is warranted. In short, that the judge should consider the certification question before entertaining your application to satisfy the plaintiff's full claim. Why shouldn't that be how we read this group of cases now? Yeah. I mean, I believe they've had every opportunity to brief certification. They didn't make another motion for certification. I'm not asking you. If we find that there was, you know, a chicken-and-egg problem with this judgment, that it shouldn't have been entered this way, on remand, why wouldn't they be entitled to their — to have the class certification question decided before letting you deposit the full amount of the plaintiff's claim? Because we had already moved for entry of judgment and already offered to provide full relief and deposit the funds before they ever sought to ever renew or make a new motion for class certification. This Court had a decision in Comer, albeit 1994. It said if a claim becomes moot prior to class certification being granted, the entire case becomes moot. That's another decision from this Court. Comer in 1994, also cited by Judge Forrest in her prior decisions. I think whether you remand and require the funds to be — I'm sorry, Judge? Let me interrupt you. Don't you agree that the landscape was changed by Campbell Ewald and later by Geisman in our Court? Don't you believe the landscape was changed? I think that there's certainly decisions you have to account for. I've explained why I think they're clearly distinguishable. I think this is the exact factual scenario that Campbell refused to address and I think is covered by the dissent in Campbell that said why isn't it the case that if a defendant fully submits without question, they concede, they got not only full relief but full relief plus, plus it's deposited with the Court, so there's no issues of collection. Because he was asking for class certification. He was asking for class certification. But as to his own claim — He was asking for. And until certification is granted under the case law previously, there is no claim left to adjudicate. That doesn't mean other potential class members can't pursue their rights in their own case. But as to this case and Mr. Franco, his claim was no longer live as a result of entry of judgment and deposit of the funds, which has always been the hallmark for mootness of a claim. It makes no difference that the complaint here had class action allegations in your view? No. The mere fact of the allegations without the class cert being renewed and certainly granted wouldn't have changed the outcome, Judge. Thank you. Thank you, Your Honors. Counsel, you've reserved three minutes for bravado. Thank you. I want to note that Hepler was pre-Geismann. All of the cases being cited by the appellee here were prior to Geismann. And none of those cases remanded for entry of judgment or affirmed entry of judgment when the case was a certifiable class action. So LACE versus Lifetime Entertainment Services, on which Allied Interstate heavily relies, in that case, the district court considered the class certification motion and denied it before entering judgment on the named plaintiff's individual claim. When that case came up on appeal, this court likewise considered the denial of class certification and affirmed it before affirming the entry of judgment on the named plaintiff's individual claim. To follow up with a question Judge Raji asked you previously, the relief you're asking for is remand to the district court to look with fresh eyes at the request for class certification? Yes. We think that the case should be remanded for the district court to consider class certification on the merits. In the first instance. And we don't think that there was any need for us to renew that motion. We fully briefed the motion for class certification that was pending before the court. The district court denied it, but then this court vacated that denial. So that class certification motion was still fully pending before the court. And we made absolutely clear that we wanted that ruled on. I'm not sure that we have to reach that question. The error you cite is that the judgment was entered before the money was deposited. We could certainly vacate that and send it back down to the district court, and then you'd argue to the district court whether or not it should hear the class certification motion in order to comply with the fair opportunity language in Campbell-Ewell, or whether it could entertain the defendant's argument that it can satisfy the Campbell-Ewell hypothetical. And that's not something the district court has spoken to. So we have nothing on that point to either uphold or reject, do we? Well, we don't think that the deposit, it's not the timing of the deposit that we're objecting to. We don't think it makes a difference whether the deposit came after the judgment or before. This court has already held that it doesn't moot the case if it came before. But we also don't think it moots the case if it became prior to the entry of judgment. The deposit doesn't affect the landscape. So the question— The difference on the class aspects here is that both of the district court's decisions, she said, I'm denying the class certification motion because the case is moot both times, even after remand. Would it have made a difference if she addressed all the issues before, of, you know, numerosity, all the Rule 23 issues in her decision? Or is your argument based on the fact that it was just because of the mootness determination that class motion was denied? If she had addressed all of the issues and without considering entry of judgment or mootness denied the class certification motion prior to considering the entry of judgment, then we could have appealed that denial as well. She did not do that, though. She entered judgment and then said because judgment had been entered, the class action is moot. On the basis of mootness of the individual's claim. Yes. I tend to agree with you that it shouldn't make a difference whether judgment is entered first or the money is deposited first. I can't understand a significant reason for that. But what do we do with this language in Campbell-Leewald, which seemed to— counsel calls it a carve-out. I don't know that it was a carve-out. It's just that they were—seems to me like amusing. They were thinking out loud. But really, should it make a difference? So I think it's important to look at both steps of the process in the Campbell-Leewald hypothetical. So first, there's the deposit. And Campbell-Leewald itself indicates that the deposit does not moot the case because if the deposit did moot the case, there couldn't be an entry of judgment after that. So by discussing an entry of judgment after a deposit, the Supreme Court indicates that the deposit does not moot the case. And the court can still enter judgment after a deposit. So it can still grant effectual relief, which shows that the deposit does not moot the case. So then we get to the second part, is whether judgment should be entered after a deposit. And the Supreme Court doesn't indicate that that is correct to do in a case that was brought as a class action. To the contrary, it states that the class claims will remain—the case will remain viable through class certification, and specifically instructs that the would-be class representative must be accorded a fair opportunity to show that class certification is warranted, indicating that the court should not go ahead and enter judgment terminating the action without first considering class certification. And so I think that also—I just wanted to clarify the point. So our case here is not—our claim is not that the deposit happened at the wrong point. Our argument is that regardless of when the deposit happened, the district court should not have entered judgment and terminated Mr. Franco's live claim without first according him the fair opportunity to show that a class should be certified, and considering his motion for class certification. So we think this Court—the judgment should be vacated, and this case should be remanded with directions that the Court finally consider the class certification motion on the merits. Thank you.